UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Emerson Hall Associates, L.P.,
1313 East Hyde Park Boulevard,
Chicago, IL 60615,

Case No. 15-CV-617

Plaintiff,

**DEFENDANT TRAVELERS
CASUALTY INSURANCE
COMPANY OF AMERICA'S
NOTICE OF REMOVAL**

vs.

Travelers Casualty Insurance Company of America,
1 Tower Square,
Hartford, CT 06183,

Defendant.

---

Defendant Travelers Casualty Insurance Company of America ("Travelers"), by and through its attorney, Stacy E. Ertz, Esq., Borgelt, Powell, Peterson & Frauen S.C., hereby removes this action from Rock County, Circuit Court, State of Wisconsin to the United States District Court for the Western District of District, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and, in support, states:

1.  Plaintiff commenced this action on June 29, 2015, in Rock County, Circuit Court, State of Wisconsin by serving the Summons and Complaint upon Travelers via CSC, its registered agent in the State of Wisconsin.  A copy of the Summons, Complaint, and Notice of Service of Process are attached as Exhibit A.

2.  Travelers served its Answer to the Complaint on July 20, 2015.  A copy of the Answer and Affidavit of Service are attached as Exhibit B.

1

3.  The Complaint alleges that, at all relevant times, Plaintiff was a citizen of Chicago, Illinois.

4.  The Complaint alleges the citizenship of Travelers.  Travelers is an insurance company incorporated in the State of Connecticut, with its principal place of business in the State of Connecticut. Accordingly, Defendant is not a citizen of the State of Wisconsin.  28 U.S.C. § 1331(c)(1).

5.  In the Complaint, Plaintiff alleges that Travelers has breached it contract and acted in bad faith in the handling of two insurance claims involving Plaintiff's apartment complex located in Beloit, Rock County, Wisconsin.

6.  The Complaint alleges a failure to pay damages arising out of the September 2013 fire loss and the December 2013 water loss in the approximate amount of $370,000.

7.  As set forth in the Affidavit of Service, copies of this Notice of Removal will be served on all adverse parties.

Date: 7/20/15

BORGELT, POWELL, PETERSON & FRAUEN S.C.

By _____
Stacy E. Ertz, Esq. (#0267181)
7825 3rd Street North
Suite 206
Oakdale, MN 55128
Telephone: (651) 256-5000
Fax:  (651) 340-1456
*Counsel for Defendant Travelers Casualty Insurance Company of America*

2

STATE OF WISCONSIN               CIRCUIT COURT               ROCK COUNTY
                                  BRANCH ____

Emerson Hall Associates, L.P.,
1313 East Hyde Park Boulevard, Chicago, IL 60615

                                              Case No. 15 CU6 17

                    Plaintiff

v.                                        Other Contracts: 30303

Travelers Casualty Insurance Company of America,
1 Tower Square, Hartford, CT 06183
                                      TRIAL JUDGE
                                      DANIEL T DILLON
                    Defendant.

                         SUMMONS

THE STATE OF WISCONSIN

       You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

       Within 45 days after receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Rock County Circuit Court, 51 South Main Street, Janesville, WI 53545, and to Derek R. Allen, plaintiff's attorney, whose address is Shannon Law Office, LLC, 24 East Main Street, Evansville, WI 53536. You may have an attorney help or represent you.

       If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and also may be enforced by garnishment or seizure of property.

                         **EXHIBIT A**

Dated:  June 10, 2015

Shannon Law Office, LLC

By: _____
Derek R. Allen, #1098871

24 East Main Street
Evansville, WI 53536
Telephone:  (608) 882-5944
Facsimile:  (608) 882-6462
dallen@shannon-law.com

Attorneys for Plaintiff Emerson Hall Associates, L.P.

STATE OF WISCONSIN          CIRCUIT COURT          ROCK COUNTY
                             BRANCH ____

---

Emerson Hall Associates, L.P.,
1313 East Hyde Park Boulevard, Chicago, IL 60615

                                         Case No. 15 C U 6 17

                  Plaintiff

v.                                        Other Contracts: 30303

Travelers Casualty Insurance Company of America,
1 Tower Square, Hartford, CT 06183

                  Defendant.

---

**COMPLAINT**

---

Plaintiff Emerson Hall Associates, L.P. ("Emerson Hall"), by its attorney, Derek R. Allen of Shannon Law Office, LLC, alleges:

### Parties and Venue

1.      Plaintiff Emerson Hall is an Illinois limited partnership with its principal place of business at 1313 East Hyde Park Boulevard, Chicago, IL 60615.

2.      Defendant Travelers Casualty Insurance Company of America ("Travelers") is a Connecticut corporation with its principal place of business at 1 Tower Square, Hartford, CT 06183, whose registered agent for service of process is Corporation Service Company, 8040 Excelsior Drive Suite 400, Madison, WI 53717.

3.      Jurisdiction is proper in this Court under Wis. Stat. § 801.05 because, among other things, Travelers is engaged in substantial activities within this state.

4.      Venue is proper in this Court under Wis. Stat. § 801.50 because the claims asserted arose in Rock County and Travelers does substantial business in Rock County.

## The Policy

5.      Emerson Hall purchased from Travelers an insurance policy (the "Policy") covering its apartment building located at 930 Church Street, Beloit, WI 53511 (the "Building").

6.      Among other things, the Policy covered fire and water damage.

7.      On September 24, 2013, a fire broke out on the Building's fourth floor and caused extensive damage to the Building.

8.      On December 16, 2013, a pipe burst in the Building and caused extensive water damage to the Building.

9.      Travelers determined that both the fire and water damage were caused by events covered by the Policy.

10.      Travelers, however, has failed to reimburse Emerson Hall the full amount it is entitled to under the Policy.

11.      Travelers's failure to pay Emerson Hall what it is entitled to under the Policy has caused financial hardship to Emerson Hall because, among other things, these payments have been delayed without reason and Emerson Hall has been forced to bring this lawsuit.

### Amounts Due and Owing to Emerson Hall under the Policy

12.      Under the Policy, Emerson Hall is entitled to what the Policy refers to as "business income," "extra expense," and "extended business income."

13.      Business income and extra expense recoveries are available for twelve months, while extended business income is available for an additional 60 days.

14.      Travelers has refused to reimburse Emerson Hall the extended business income it lost and to which it is entitled, in an amount of at least $45,300.

15.      Under the Policy, Emerson Hall is entitled to recover lost business income arising related to the Building's inability to collect rent as a result of the fire and water damage.

16.      Travelers has not disputed that Emerson Hall is entitled to lost business income resulting from the fire and water damage.

17.    Travelers has calculated lost rent using a contract rent of $755 per unit.

18.    The Policy, however, requires Travelers to use the gross monthly rent, which is $787. Travelers' refusal to use the correct rent to calculate lost business income has led to an underpayment of at least $17,670.

19.    Under the Policy, Emerson Hall is entitled to reimbursement for demolition expenses and consultation services related to the repairs.

20.    Travelers has refused to reimburse Emerson Hall for $35,885.46 in demolition services provided by Musick Loss Management.

21.    Travelers has refused to reimburse Emerson Hall for $5,000 in consulting services provided by TEAM Management.

22.    Travelers has refused to reimburse Emerson Hall approximately $170,650 in recoverable depreciation related to work completed by Sid Grinker Restoration, Inc., despite being provided with an invoice showing the same.

23.    Travelers has refused to reimburse Emerson Hall approximately $93,808.01 for work done by Sid Grinker Restoration, Inc., despite being provided with an invoice showing the same.

## Travelers's Bad Faith

24.    At various times, Travelers has attempted to combine the fire and water damage into a single occurrence in order to avoid paying Emerson Hall what it is entitled to under the Policy.

25.    At various times, Travelers has changed its stated reasons for denying coverage for the amounts listed above.

26.    At various times, Travelers has "low-balled" Emerson Hall by offering less than the full amount owed to Emerson Hall in an attempt to get Emerson Hall to accept less than it is owed under the Policy.

## Count I – Breach of the Policy

27.    Emerson Hall incorporates the preceding paragraphs as if stated in their entirety.

28.    The Policy is an enforceable contract.

29.     Under the Policy, Travelers is obligated to reimburse Emerson Hall certain payments as detailed above.

30.     Travelers has performed its obligations under the Policy.

31.     Travelers has breached the Policy by refusing and failing to pay amounts owed under the Policy.

32.     As a result of these breaches, Emerson Hall has sustained damages in excess of $106,855.46, with the exact amount to be determined at trial.

## Count II – Bad Faith

33.     Emerson Hall incorporates the preceding paragraphs as if stated in their entirety.

34.     The Policy obligated Travelers to pay the amounts detailed above.

35.     Travelers lacked a reasonable basis in law or fact for refusing to pay the amounts detailed above.

36.     Travelers knew there was no reasonable basis for denying the amounts listed above or acted in reckless disregard for whether such a basis existed.

37.     At various times, Travelers has "low-balled" Emerson Hall by offering less than the full amount owed to Emerson Hall in an attempt to get Emerson Hall to accept less than it is owed under the Policy.

38.     As a result of Travelers' bad faith, Emerson Hall is entitled to actual and punitive damages in an amount to be proven at trial.

WHEREFORE, Emerson Hall prays for judgment in its favor and against Travelers as follows:

1.     An order awarding damages to Emerson Hall from Travelers, in an amount to be proven at trial, but believed to be in excess of $368,313.47;

2.     An order awarding punitive damages to Emerson Hall from Travelers, in an amount to be determined at trial;

3.     An order awarding Emerson Hall its costs, disbursements, and attorney's fees as allowed by Wisconsin statute and common law;

4.     For such other relief as the Court deems just and equitable.

## Jury Demand

Travelers demands a trial by a jury of six.

Dated: June 10, 2015

Shannon Law Office, LLC

By:_____

Derek R. Allen, #1098871

24 East Main Street
Evansville, WI 53536
Telephone:  (608) 882-5944
Facsimile:  (608) 882-6462
dallen@shannon-law.com

Attorneys for Plaintiff Emerson Hall Associates



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

RVP / ALL
**Transmittal Number: 13963962**
**Date Processed: 06/30/2015**

| | |
|---|---|
| Primary Contact: | Pamela Hoff |
| | The Travelers Companies, Inc. |
| | 385 Washington Street,  MC 515A |
| | Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Travelers Casualty Insurance Company of America |
| | Entity ID Number  2317367 |
| **Entity Served:** | Travelers Casualty Insurance Company of America |
| **Title of Action:** | Emerson Hall Associates, L.P. vs. Travelers Casualty Insurance Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Rock County Circuit Court, Wisconsin |
| **Case/Reference No:** | 15CV617 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 06/29/2015 |
| **Answer or Appearance Due:** | 45 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Derek R. Allen |
| | 608-882-5944 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Emerson Hall Associates, L.P.,
1313 East Hyde Park Boulevard,
Chicago, IL 60615,

               Plaintiff,

vs.

Travelers Casualty Insurance Company of America,
1 Tower Square,
Hartford, CT 06183,

               Defendant.

Case No.

**DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT**

Defendant Travelers Casualty Insurance Company of America ("Defendant" or "Travelers"), for its Answer to the Complaint of Plaintiff Emerson Hall Associates, L.P., ("Plaintiff" or "Emerson Hall"), states and alleges as follows:

1.      Denies each and every allegation of said Complaint except as is hereinafter stated, qualified or admitted.

2.      Alleges that Travelers is without sufficient knowledge or information to form a belief as to the truth or accuracy of those allegations contained in Paragraph 1 of the Complaint, therefore denies same and places Plaintiff to its proof thereof.

3.      Admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

4.      Admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5.      Admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

1

**EXHIBIT B**

6.     As for the allegations contained in Paragraph 5 of Plaintiff's Complaint, admits that Emerson Hall purchased and Travelers issued an insurance policy (the "Policy") for an apartment building located at 930 Church Street, Beloit, WI 53511 (the "Building") which provides coverage in accordance with the Policy's terms, conditions, limitations, provisions, definitions, exclusions and endorsements.

7.     As for the allegations contained in Paragraph 6 of Plaintiff's Complaint, admits that the Policy provided coverage for Plaintiff's September 24, 2013 fire and December 16, 2013 pipe burst damage in accordance with the Policy's terms, conditions, limitations, provisions, definitions, exclusions and endorsements.

8.     As for the allegations contained in Paragraph 7 of Plaintiff's Compliant, admits that a September 24, 2013 fire caused damage to the Building.

9.     As for the allegations contained in Paragraph 8 of Plaintiff's Complaint, admits that a December 16, 2013 pipe burst caused water damage to the Building.

10.     Admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

11.     Denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

12.     Denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

13.     As for the allegations contained in Paragraph 12 of Plaintiff's Complaint, admits that the Policy refers to "business income," "extra expense," and "extended business income," for which Emerson Hall received payment pursuant to the Policy's terms, conditions, limitations, provisions, definitions, exclusions and endorsements.

14.     Admits that the allegations contained in Paragraph 13 of Plaintiff's Complaint cites some, but not all, of the applicable Policy language as it relates to "business income,"

2

"extra expense" and "extended business income" coverage, therefore denies same and places Plaintiff to its proof thereof.

15.   Denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

16.   As for the allegations contained in Paragraph 15 of Plaintiff's Complaint, admits that lost rental income during the period of restoration to repair the fire and water damage would qualify as business income for which Emerson Hall would be entitled to recover pursuant to all of the terms, conditions, limitations, provisions, definitions, exclusions and endorsements contained in the Policy.

17.   As for the allegations contained in Paragraph 16 of Plaintiff's Complaint, admits that Emerson Hall is entitled to and has received payment for its covered loss of business income resulting from the fire and water damage claims, but denies that Travelers has not disputed the amount of business income loss to which Emerson Hall is entitled.

18.   Admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

19.   Denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

20.   As for the allegations contained in Paragraph 19 of Plaintiff's Complaint, admits that the policy provides for demolition expenses subject to the terms, conditions, limitations, provisions, definitions, exclusions and endorsements contained in the Policy, as for the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint, alleges that the undefined phrase "consultation services related to the repairs" is vague and ambiguous, therefore denies same and places Plaintiff to its proof thereof.

21.   Denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

22.   Denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

23.   Denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

24.   Denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

25.   Denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

26.   Denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

27.   Denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## Count I – Breach of the Policy

28.   As to Paragraph 27 of the Complaint, Defendant Travelers re-alleges and re-incorporates its answers and responses to Paragraphs 1 through 26 of Plaintiff's Complaint as though fully set forth herein.

29.   Admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

30.   As for the allegations contained in Paragraph 29 of Plaintiff's Complaint, admits that Travelers is obligated to reimburse Emerson Hall only for covered loss pursuant to the terms, conditions, limitations, provisions, definitions, exclusions and endorsements contained in the Policy, and denies that the payments detailed in the Complaint are currently due and owing to Emerson Hall as a result of either the fire or water damage loss.

31.   Admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

32.   Denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

33.   Denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## Count II – Bad Faith

34.   As to Paragraph 33 of the Complaint, Defendant Travelers re-alleges and re-incorporates its answers and responses to Paragraphs 1 through 32 of Plaintiff's Complaint as though fully set forth herein.

35.   Denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

36.   Denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

4

37.   Denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

38.   Denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

39.   Denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

40.   Affirmatively alleges that to the extent that Plaintiff has alleged that coverage is available to it under the Policy at issue, Plaintiffs' claims are subject to all of the terms, conditions, limitations, provisions, definitions, exclusions, and endorsements of the applicable Policy issued by Travelers to Emerson Hall.

41.   Affirmatively denies any breach of insurance contract by Travelers.

42.   Affirmatively denies any bad faith by Travelers.

43.   Affirmatively alleges that there exists a genuine insurance dispute involving claims arising out of either the September 2013 fire or the December 2013 water damage and that the amounts due under the applicable Policy from both claims are fairly debatable.

44.   Affirmatively alleges that the allegations in Plaintiff's Complaint fail to satisfy the bad faith pleading requirement set forth in *Ullerich v. Sentry Ins.*, 2002 WI App 127.

45.   Travelers affirmatively alleges that Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, accord and satisfaction, estoppel, unclean hands, and/or laches.

46.   Affirmatively alleges that any damages claimed by Plaintiff may be due to its failure to mitigate its damages.

47.   Affirmatively alleges that Travelers is without sufficient knowledge or information to form a belief as to the nature or extent of any damage suffered by Plaintiff, and therefore denies same and places Plaintiff to its proof thereof.

48.     Affirmatively alleges that any damages claimed by Plaintiff were not directly or proximately caused by any act, omission or wrongdoing on the part of Travelers.

49.     Affirmatively alleges that any damages sustained by the Plaintiff were caused solely as a result of Plaintiff's own fault or that Plaintiff's fault exceeds that of this answering Defendant.

50.     Travelers alleges that if Plaintiffs were damaged as set forth in the Complaint, the same was caused in whole or in part by the fault of other persons or entities over whom Travelers had no control, or right of control, and for whose conduct Travelers is not liable.

51.     Travelers affirmatively denies that Emerson Hall is entitled to an award of punitive damages as alleged in Paragraph 38 of Plaintiff's Complaint.

52.     Travelers affirmatively denies that it "acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff" as required by Wis. Stat. § 895.043(3).

53.     Affirmatively alleges that Travelers' properly and timely investigated Plaintiff's claims and paid for all substantiated covered claims arising out of either the fire and/or water loss under the terms, conditions, limitations, provisions, definitions, exclusions and endorsements contained in the Policy.

54.     To the extent that Plaintiff has alleged that coverage is available to it under the Travelers' insurance Policy, Plaintiff may have failed to comply with one or more conditions precedent in the applicable Policy for either or both of the 2013 claims.

55.     Denies that Emerson Hall is owed in excess of $368,313.47 as alleged in Plaintiff's Complaint and affirmatively alleges that Travelers has already paid Emerson Hall for both covered losses occurring in 2013 a combined total in excess of $1,160,200 as required by

6

the terms, conditions, limitations, provisions, definitions, exclusions and endorsements contained in the Policy.

56.    Affirmatively alleges that recoverable damages, if any, may be subject to appraisal under the terms of the Policy.

57.    Affirmatively alleges that Travelers is entitled to a declaratory judgment that (1) Travelers paid for all substantiated loss covered by the Policy arising out of either the September 2013 fire or the December 2013 water damage claim as required by the terms, conditions, limitations, provisions, definitions, exclusions and endorsements in the Policy; (2) Travelers did not breach the Policy of insurance; and (3) Travelers did not act in bad faith in investigating, adjusting or paying for the two covered losses occurring at the Emerson Hall owned apartment building located in Beloit, Wisconsin in September and December 2013.

58.    Travelers affirmatively alleges that the claims asserted may be barred by any or all of the affirmative defenses contemplated by Wisconsin Statute Section 802.02(3) of the Wisconsin Rules of Civil Procedure and Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out above, cannot be determined until there has been further discovery. Travelers, therefore, incorporates all such affirmative defenses set forth in Wis. Stat. § 802.02(3) and Fed. R. Civ. P. 8(c).

59.    Affirmatively alleges that Plaintiff's Complaint may be barred by the applicable statute of limitations.

60.    Affirmatively denies that Emerson Hall is entitled to either "costs, disbursements, and attorney fees as allowed by Wisconsin statute and common law" or other just and equitable relief as alleged in Plaintiff's Complaint.

7

61.     Affirmatively alleges that Plaintiff's Complaint fails to allege a claim upon which relief may be granted.

## TRIAL BY JURY IS HEREBY DEMANDED.

**WHEREFORE**, Defendant Travelers Casualty Insurance Company of America prays that Plaintiff Emerson Hall Associates, L.P., take nothing by its Complaint; that the same be dismissed with prejudice; that answering Defendant Travelers Casualty Insurance Company of America be awarded declaratory judgment finding that all sums owed under the Policy were timely paid by Travelers; that Travelers did not act in bad faith or breach the insurance Policy in investigating, adjusting or paying for the 2013 claims; and that Travelers recover costs and disbursements incurred herein; and for such other and further relief as the Court deems just.

**BORGELT, POWELL, PETERSON &
FRAUEN S.C.**

Date: ___7 |ao\\5___

By _____
    Stacy E. Ertz, Esq. (#0267181)
7825 3rd Street North
Suite 206
Oakdale, MN 55128
Telephone: (651) 256-5000
Fax:  (651) 340-1456
*Counsel for Defendant*
*Travelers Casualty Insurance*
*Company of America*