IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMERSON HALL ASSOCIATES, L.P.,

                Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

                Defendant.

ORDER

15-cv-447-jdp

---

This is an insurance dispute between plaintiff Emerson Hall Associates, L.P. and its insurer, defendant Travelers Casualty Insurance Company of America. In 2013, a fire broke out in a building that Emerson owned, causing extensive damage. Travelers paid part of Emerson's claim, determining that the damage was covered by Emerson's insurance policy. But Travelers denied the remainder of Emerson's claim, which sought reimbursement for lost business income and other expenses.

Emerson sued in Wisconsin state court, alleging breach of contract and bad faith. Travelers removed the case to federal court on the basis of diversity.[1] Travelers now moves to bifurcate the case and stay discovery on Emerson's bad faith claim, pending resolution of the breach of contract claim. Dkt. 6. Because bifurcation and a stay would needlessly draw out this case and lead to inefficient piecemeal discovery, the court will deny Travelers's motion.

The Wisconsin Supreme Court has held that a breach of contract claim is distinct from a bad faith claim. *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 271 N.W.2d 368, 374

---

[1] Emerson is suing its own insurer for a breach of contract. Thus, the special citizenship provisions in 28 U.S.C. § 1332(c)(1) for direct actions against an insurer are not applicable. *See Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 511 (7th Cir. 2008).

(1978). Given this distinction, and because discovery for bad faith claims extends to privileged information, Wisconsin courts often stay discovery on bad faith claims to afford insurers a preliminary opportunity to challenge an insured's underlying breach of contract claim. *See, e.g.*, *Dahmen v. Am. Family Mut. Ins. Co.*, 2001 WI App 198, ¶¶ 13, 16-19, 247 Wis. 2d 541, 635 N.W.2d 1. The Wisconsin Supreme Court recently confirmed the scope and purpose of this practice, stating that:

> an insured must plead, in part, that she was entitled to payment under the insurance contract and allege facts to show that her claim under the contract was not fairly debatable. To go forward in discovery, these allegations must withstand the insurer's rebuttal. The insurer, in turn, must be permitted to challenge the elements of the claim, not only by a responsive pleading, but also by motion. It must be permitted to show that it did not breach the contract or that there was a reasonable basis for its conduct in denying, paying, or processing a claim.

*Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶¶ 76-77, 334 Wis. 2d 23, 798 N.W.2d 467.

Travelers first contends that *Brethorst* announces a substantive aspect of Wisconsin law that is binding on federal courts sitting in diversity by virtue of the *Erie* doctrine. The court disagrees, and one of the authorities that Travelers cites contradicts its position. *See Poznanski v. Pa. Life Ins. Co.*, No. 11-cv-260, 2011 WL 2634406, at *3 (E.D. Wis. July 5, 2011) ("Wisconsin law is not controlling on whether discovery should be stayed."). Managing discovery and arranging the issues to be tried to a jury are procedural tasks for the court, governed by the Federal Rules of Civil Procedure. *Park v. City of Chi.*, 297 F.3d 606, 612 (7th Cir. 2002). Travelers's motion presents a question of federal procedure.

Federal courts in Wisconsin neither uniformly grant nor uniformly deny motions to bifurcate cases like Emerson's. *See Shalock v. State Farm Mut. Auto. Ins. Co.*, No. 13-cv-0538,

2014 WL 950548, at *1 (E.D. Wis. Mar. 11, 2014) (collecting cases). When this court has received such motions, it has considered bifurcating only the trial, not the entire case. *See Beigl v. Transamerica Life Ins. Co.*, No. 09-cv-669, 2010 WL 2196970, at *3 (W.D. Wis. May 28, 2010); *Eide v. Life Ins. Co. of N. Am.*, No. 09-cv-671, 2010 WL 1608658, at *1 (W.D. Wis. Apr. 19, 2010). Travelers has not explained how the circumstances of this case require a different approach. The parties agree that Emerson's breach of contract claim will likely be resolved on cross-motions for summary judgment. Dkt. 6, at 9 and Dkt. 8, at 5. And a preliminary review of Emerson's bad faith claim suggests that it is not so obviously frivolous that discovery would be a fishing expedition. If this case goes to trial on both claims, then the court would entertain a motion to bifurcate the trial. But at this point, forcing Emerson to litigate a breach of contract claim all the way to a final judgment and then start over again with its bad faith claim would be inefficient. For these reasons, the court will deny Travelers's motion.

ORDER

IT IS ORDERED that defendant Travelers Casualty Insurance Company of America's motion to bifurcate and stay, Dkt. 6, is DENIED.

Entered September 14, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge