IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMERSON HALL ASSOCIATES, L.P.,

     Plaintiff,

  v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

     Defendant.

ORDER

15-cv-447-jdp

---

Defendant Travelers Casualty Insurance Company of America removed this insurance dispute from the Wisconsin Circuit Court for Rock County. Plaintiff Emerson Hall Associates, L.P.'s state court complaint alleged that it is an Illinois limited partnership and that Travelers is a Connecticut corporation with its principal place of business in Connecticut. Dkt. 2-3, at 3. Based on these allegations, Travelers's notice of removal alleged that this court has subject matter jurisdiction under 28 U.S.C. § 1332, because the parties are completely diverse.

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The party invoking federal jurisdiction—here Travelers—bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). In this case, the allegations in the complaint are insufficient to determine Emerson's citizenship. Thus, the court will direct Travelers to file an amended notice of removal that adequately alleges a basis for exercising subject matter jurisdiction over this case.

Emerson is a limited partnership, and "general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen." *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). Neither Emerson's state court complaint, nor Travelers's notice of removal allege the citizenships of Emerson's partners. Thus, it is impossible to determine the partnership's citizenship. Information about the state in which Emerson was organized and where the partnership has its principal place of business, *see* Dkt. 2-3, at 3, is not sufficient to establish citizenship.

Before remanding this case for lack of subject matter jurisdiction, the court will afford Travelers a brief opportunity to file an amended notice of removal that alleges the name and citizenship of each of Emerson's partners. If any of Emerson's partners are themselves limited liability companies, partnerships, or other similar entities, then Travelers must allege the citizenship of those partners as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). If Travelers determines that complete diversity does not exist, then the parties should file a joint stipulation to remand this case to state court for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Defendant Travelers Casualty Insurance Company of America may have until December 4, 2015, to file an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining whether the court has subject matter jurisdiction under 28 U.S.C. § 1332.

2. If defendant fails to timely amend its notice of removal, then the court will remand this case to state court for lack of subject matter jurisdiction.

Entered November 20, 2015.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge

3