IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMERSON HALL ASSOCIATES, L.P.,

                Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

                Defendant.

OPINION & ORDER

15-cv-447-jdp

---

    This is an insurance dispute between plaintiff Emerson Hall Associates, L.P., and its insurer, defendant Travelers Casualty Insurance Company of America. The dispute arose out of damage to Emerson Hall's building and Travelers's refusal to pay the full amount of Emerson Hall's insurance claim. There are two motions before the court.[1] First, Sid Grinker Restoration, Inc. (Grinker) has moved to intervene in this action, pursuant to Federal Rule of Civil Procedure 24. Dkt. 12. Grinker proposes to assert a claim against Emerson Hall, alleging that Emerson Hall failed to pay Grinker for its restoration services. Second, Travelers has moved to amend its answer to add a counterclaim against Emerson Hall for breach of contract. Dkt. 28. The court will grant both motions.

BACKGROUND

    In September 2013, a fire broke out in a building that Emerson Hall owns, causing damage. A few months later, the same building suffered water damage when a pipe burst.

---

[1] Also pending is Emerson Hall's counsel's motion to withdraw. Dkt. 26. Magistrate Judge Crocker addressed that motion during an ex parte hearing on January 14, 2016, and he will resolve the issue.

Emerson Hall eventually submitted a claim to its insurer, Travelers, which determined that both the fire damage and the water damage were covered under Emerson Hall's insurance policy. But Travelers paid only part of Emerson Hall's claim, refusing to reimburse the full amount of Emerson Hall's lost business income, expenses for demolition and consulting, and depreciation.

Emerson Hall hired Grinker to provide restoration services and repair the building. The contract provided for a contingent payment structure: Emerson Hall agreed to pay Grinker the greater of $400,000 or the total of seven installments. For the installment option, the amount of the seventh installment depended on how much money Travelers paid Emerson Hall on its insurance claim. The rest of the installments were for fixed amounts. Emerson paid some of the fixed installments, but it did not pay the seventh installment. According to Grinker, Emerson Hall refused to pay because Travelers had not paid the full amount of Emerson Hall's insurance claim. Grinker alleges that Emerson Hall currently owes just over $200,000 in unpaid invoices.

Emerson Hall sued in Wisconsin state court on June 29, 2015, alleging state law claims against Travelers for breach of contract and bad faith. Travelers removed the case to federal court on the basis of diversity. Grinker moved to intervene on November 3, 2015.

ANALYSIS

A. Grinker's motion to intervene

Grinker moves to intervene as of right, under Rule 24(a)(2). In the alternative, Grinker moves for permissive intervention, under Rule 24(b). Permissive intervention is

appropriate in this case, and so the court will not address whether Grinker may intervene as of right. Emerson Hall consents to intervention; Travelers opposes it.

"Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). Rule 24(b)(3) also requires district courts to consider whether intervention will unduly delay the case or prejudice the existing parties. These considerations recognize that "Rule 24(b) is just about economy in litigation." *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 987 (7th Cir. 2011).

As to jurisdiction, Grinker is a Wisconsin corporation with its principal place of business in Wisconsin. Dkt. 12-3, ¶ 1. Emerson Hall is a citizen of Illinois, Maryland, and Florida, Dkt. 25, and Travelers is a citizen of Connecticut, Dkt. 23, ¶ 11. Thus, permitting Grinker to intervene will not destroy diversity, and the court would have jurisdiction over Grinker's claim under 28 U.S.C. § 1332.

Grinker's claim also shares common issues of fact with Emerson Hall's claims, so permitting the company to intervene will not disrupt the case or prejudice the existing parties. Grinker contends that its proposed claim in this case—which would be against Emerson Hall—"relate[s] to the very same work and unpaid invoices for which Emerson [Hall] seeks to recover from Travelers." Dkt. 13, at 6. Indeed, Emerson Hall's contract with Grinker provides that the amount of the seventh installment payment depends on the amount that Travelers eventually pays on Emerson Hall's insurance claim. Dkt. 12-3, at 14. Emerson Hall's complaint against Travelers specifically alleges that "Travelers has refused to reimburse Emerson Hall approximately $170,650 in recoverable depreciation related to work

3

completed by Sid Grinker Restoration, Inc., despite being provided with an invoice showing the same." Dkt. 23-1, at 5. Thus, the services that Grinker provided are already at issue in this case.

Travelers opposes Grinker's intervention principally because Grinker's entitlement to relief will require the court to address legal issues that would not otherwise be in the case.[2] In particular, Travelers argues that Grinker's claim relies on an entirely different contractual relationship, one to which Travelers was not a party. Travelers also argues that Grinker's claim may be moot because of payments that Emerson Hall has already made, or because of mortgages that Emerson Hall issued. But even if the legal questions that Grinker's claim will present do not align perfectly with the legal questions pertaining to the underlying action, the interests of judicial economy weigh in favor of letting these parties resolve the entire dispute in one case.

It does not appear that permitting Grinker to intervene will delay this case or cause prejudice to the existing parties. As Grinker points out, the company was likely going to be involved in the litigation anyway, to attest to the necessity and cost of the work that it performed. Dkt. 13, at 6. Travelers does not dispute this point. Moreover, Grinker is not asserting any claims against Travelers, only a claim against Emerson Hall. Emerson Hall does not oppose Grinker's intervention. Dkt. 17. Most important, Grinker represents that there will be no need to change the existing schedule in this case, Dkt. 13, at 7, which is a promise that the court will expect Grinker to keep.

---

[2] Travelers does not dispute that Grinker's motion to intervene is timely. *See* Dkt. 15.

The court will grant Grinker's motion to intervene. Grinker should promptly file and serve its proposed complaint as a separate docket entry, and the parties should include Grinker as an intervening plaintiff in the captions for all future filings.

## B. Travelers's motion to amend its answer

Travelers moves to amend its answer to assert a counterclaim against Emerson Hall for breach of contract. The court did not invite briefing on the motion, but neither Emerson Hall nor Grinker sought to oppose it. Travelers contends that its motion to amend is appropriate because there was no undue delay, none of the parties will suffer prejudice from its amendment, and the proposed counterclaim is not futile. The court agrees and will therefore grant Travelers's motion to amend.

Courts typically review motions to amend pleadings under Rule 15(a)(2), which authorizes leave to amend "when justice so requires." But the Preliminary Pretrial Conference Order in this case required the parties to amend their pleadings by October 1, 2015. Dkt. 5, at 1. Thus, the court must consider whether Travelers meets the heightened good-cause standard for amending a scheduling order under Rule 16(b)(4) before considering whether Travelers satisfies the requirements of Rule 15(a)(2). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *Lands' End, Inc. v. Genesys Software Sys., Inc.*, No. 13-cv-38, 2014 WL 1315561, at *1 (W.D. Wis. Apr. 1, 2014). The good-cause inquiry under Rule 16(b) turns on the diligence of the party moving to amend. *Alioto*, 651 F.3d at 720.

The proposed counterclaim alleges that Emerson Hall made several misrepresentations before, during, and after submitting a claim to Travelers. Dkt. 30-2, ¶¶ 66-142. Travelers alleges that these misrepresentations violated Emerson Hall's duty to cooperate with its insurer in good faith, as well as voided Emerson Hall's coverage under its policy. *Id.* These

5

allegations arise out of other litigation between Emerson Hall and Beloit College in 2013. Relying on Emerson Hall's pleadings in that case, Travelers now contests the veracity of Emerson Hall's statements concerning lost business income and actual repair expenses that it incurred. Travelers contends that it did not learn about the earlier litigation until recently, while discussing Grinker's motion to intervene with Grinker's counsel. Dkt. 30, ¶ 12. Once Travelers learned about the possible misrepresentations, it promptly obtained key documents from the other case, contacted government agencies that might have relevant information, and served third-party subpoenas. Based on this record, the court finds that Travelers has acted diligently in seeking to amend its pleadings. Thus, good cause exists to amend the scheduling order, pursuant to Rule 16(b).

For the same reasons, Travelers has also established that leave to amend is proper under Rule 15(a)(2). "[L]eave [to amend] is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Travelers promptly moved to amend once it uncovered a factual basis for its counterclaim, and there is no evidence of dilatory motive. Emerson Hall will not suffer undue prejudice as this case is still in its early stages—dispositive motions are not due until June 10, 2016, and discovery will not close until about the same time. And Emerson Hall should already have most of the factual information relevant to Travelers's counterclaim because it concerns conversations or events to which Emerson Hall was a party. Finally, Travelers's detailed allegations demonstrate that its proposed counterclaim is not futile.

Travelers has shown good cause to amend the scheduling order and shown that the interests of justice support permitting it to allege a counterclaim against Emerson Hall. The court will therefore grant Travelers's motion to amend its answer. Travelers should file its proposed amended answer as a separate docket entry.

ORDER

IT IS ORDERED that:

1. Intervening plaintiff Sid Grinker Restoration, Inc.'s motion to intervene, Dkt. 12, is GRANTED. Grinker should file and serve its proposed complaint as a separate docket entry and all future filings should include Grinker in the caption.

2. Defendant Travelers Casualty Insurance Company of America's motion to amend answer and leave to file, Dkt. 28, is GRANTED. Travelers should file its proposed amended answer as a separate docket entry.

Entered January 15, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge