UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

EMERSON HALL ASSOCIATES, L.P.,

      Plaintiff,

  v.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Defendant.

Case No. 15-CV-447-jdp

_____

SID GRINKER RESTORATION, INC.,

      Intervening Plaintiff,

  v.

EMERSON HALL ASSOCIATES, L.P., and
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

      Defendants.

_____

### PLAINTIFF EMERSON HALL ASSOCIATES, L.P.'S
### BRIEF IN SUPPORT OF ITS
### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
_____

On December 29, 2015, Defendant Travelers Casualty Insurance Company of America ("Travelers Insurance") filed a motion to amend the pleadings to assert a counterclaim. (DN28.) The Court granted the motion, and Travelers Insurance filed its amended pleading on January 21, 2016. (DN34.) In this amended pleading, Travelers Insurance accuses Plaintiff Emerson Hall Associates, L.P. ("Emerson

Hall") of engaging in fraud both to obtain coverage and to receive payments under the policies issued by Travelers Insurance. For reasons explained in Emerson Hall's proposed amended complaint, Travelers Insurance's accusations are false, reckless, defamatory and malicious. Wisconsin law has long recognized that an insurance company's baseless accusations of fraudulent conduct by its insureds may give rise to a bad faith claim; therefore, Emerson Hall respectfully moves the Court for an order granting Emerson Hall leave to amend its complaint so that it may include Travelers Insurance's false accusations of fraud as an additional basis for its bad faith claim against Travelers Insurance.

In addition, Emerson Hall's proposed amended pleading clarifies the factual bases for its claims, including the breach of contract claim. Although the substantive claim remains the same, the factual allegations are refined and better explained, which Emerson Hall believes will assist the parties as they engage in discovery and prepare this case for trial. Therefore, Emerson Hall respectfully requests leave to amend its complaint for clarification purposes as well.

## STANDARD OF REVIEW

Rule 15(a) states that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a)(2):

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

> failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, 230 (1962) (internal citations omitted).

Whether to grant a motion to amend a pleading is within a court's discretion. *Goulding v. Feinglass*, 811 F.2d 1099, 1103 (7th Cir. 1987), *cert denied*, 482 U.S. 929, 107 S. Ct. 3215, 96 L. Ed. 701 (1987). In deciding a motion to amend a pleading, "[i]t is also proper for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Pabst Brewing Co. v. Corrao*, 176 F.R.D. 552, 557 (E.D. Wis. 1997) *aff'd*, 161 F.3d 434 (7th Cir. 1998). Wisconsin courts recognize that any perceived undue prejudice to the opposing party may be eliminated by extending discovery and rescheduling trial dates. *See Aida Eng'g, Inc. v. Red Stag, Inc.*, 629 F. Supp. 1121, 1128 (E.D. Wis. 1986).

## ARGUMENT

As the parties have engaged in written discovery and early motion practice, the need for amending pleadings has become apparent. (*See* Murdock Aff. ¶ 3.) Travelers Insurance recently amended its pleadings to assert a counterclaim against Emerson Hall. Prior to Travelers Insurance's amended pleading, Emerson Hall did not know that the basis for Travelers Insurance's attempt to limit coverage

3

or outright refusal to provide coverage was based on Travelers Insurance's belief that Emerson Hall engaged in fraud. Travelers Insurance's counterclaim, however, filed on January 21, 2016, reveals its basis, as it alleges that it denied coverage because it believes that Emerson Hall fraudulently obtained the policy, fraudulently obtained coverage, and fraudulently received insurance payments. This newly revealed basis for denial of Emerson Hall's claims constitutes grounds for a bad faith claim.

Moreover, Emerson Hall's prior counsel recently withdrew from representation, and Emerson Hall's new counsel was retained two weeks ago. As new counsel reviewed the case, it became clear that amending the pleadings was necessary to clarify the factual bases for Emerson Hall's claims, as it appears that prior counsel misunderstood the facts or did not clearly articulate them. Tidying up these issues now will help the parties focus their efforts as they prepare the case.

Good cause exists for allowing Emerson Hall to amend its pleadings: (1) Emerson Hall has not delayed in its request to amend, filing this motion just two weeks after retaining new counsel; (2) amendment of the complaint will not unduly prejudice any of the parties to this case, as the parties are still in early discovery; and (3) Emerson Hall's proposed amendment is not futile because it has asserted valid theories of recovery and facts supporting those theories. Therefore, Emerson Hall respectfully requests that the Court grant it leave to amend the pleadings.

I.  **There Was No Undue Delay in Emerson Hall's Request to Amend the Complaint.**

On December 29, 2015, Travelers Insurance filed a motion to amend and for leave to file a counterclaim, and on January 21, 2016, Travelers filed its amended counterclaim against Emerson Hall. (DN28; DN34). In the amended counterclaim, Travelers Insurance accuses Emerson Hall of fraudulently obtaining coverage and fraudulently claiming a covered loss under the Traveler Insurance policies. (DN34, ¶¶ 66–142.) Travelers Insurance's counterclaim is the first instance where it disclosed that its basis for withholding policy benefits and attempting to retroactively deny coverage and recover payments previously made is its belief that Emerson Hall engaged in fraud.

Good cause exists for Emerson Hall's proposed amendment to its bad faith claim because Travelers Insurance only recently revealed its asserted basis for denying coverage for Emerson Hall's claims. Emerson Hall's proposed amendment primarily relates to and is in response to the amended counterclaim filed by Travelers on January 21, 2016.

In assessing the timing of Emerson Hall's request, it is important to note that Travelers Insurance filed its motion to amend its pleading while Emerson Hall's counsel was asking for permission to withdraw from the case. (*See* DN26, DN28.) The filing of the motion to withdraw essentially stayed the case until the motion was decided. The Court allowed Emerson Hall's prior counsel to withdraw from representation (*see* DN39), and Emerson Hall then filed a pro se motion to stay the case while it sought out new counsel (*see* DN41). Emerson Hall recently retained

new counsel, who filed an appearance on March 7, 2016. (*See* DN42, DN43). This motion to amend—Emerson Hall's first request to amend its pleadings—is being filed two weeks after retaining new counsel. Emerson Hall has not unduly delayed in filing its request to amend.

II. **Granting Leave to File the Amended Complaint Will Not Cause Undue Prejudice to Travelers Insurance.**

Amendment of the complaint will not unduly prejudice any of the parties to this action. In its own motion to amend, Travelers Insurance acknowledged that additional pleadings and a modified scheduling order were anticipated and likely. (*See* DN29, p. 1.) Since that time, the case has been stayed pending the appearance of substitute counsel for Emerson Hall, and a scheduling conference is set for March 23, 2016.

This case is not on the eve of trial. Discovery has not closed. Only written discovery has been exchanged to date, and no depositions have been taken. In fact, nothing substantive has happened in the case since Travelers Insurance's amended pleading was filed on January 21, 2016. Thus, allowing Emerson Hall to amend its complaint will cause no undue prejudice to Travelers Insurance.

Emerson Hall's proposed amendments to the complaint also will help the parties expeditiously prepare this case for trial. Discovery on Travelers Insurance's amended counterclaim and Emerson Hall's amended bad faith claim will involve the same subject matter and should be dealt with at the same time. Emerson Hall also revised other allegations in its complaint related to its breach of contract claim in an effort to clarify its claim and expedite discovery. The substance of the allegations

6

is the same; however, additional allegations are provided in support of this claim, such as references to policy provisions and clarification of the factual bases for Emerson Hall's claim for breach of contract. These revised allegations will not expand the scope of the case. (*See* Murdock Aff. ¶¶ 4, 5.)

This amendment is necessary because it appears from Travelers Insurance's amended counterclaim that there is a misunderstanding as to the basis of aspects of Emerson Hall's claim. For example, in paragraphs 129 through 131 of the amended counterclaim, Travelers Insurance accuses Emerson Hall of seeking a double recovery for a $32 per month utility allowance per rental unit. (DN34, ¶¶ 129–131.) What Emerson Hall seeks to clarify, however, is that it is seeking recovery of the extra expenses it had once the utilities reverted back to Emerson Hall on account of the property becoming uninhabitable. This clarification is set forth in the amended complaint, along with others. The result of the amendments is that the parties will be better able to efficiently and narrowly focus their discovery efforts as they prepare this case for trial.

### III. The Proposed Amendment Is Not Futile.

A motion to amend may be denied as futile if it lacks a valid theory of recovery or fails to allege facts supporting the theory alleged. *Aida Eng'g*, 629 F. Sup. at 1127. Here, Emerson Hall's proposed amendment is not futile because it has asserted valid theories of recovery and alleged facts supporting the theories alleged.

Emerson Hall proposes to amend its complaint to assert that Travelers Insurance's use of fraud allegations as a basis for denying coverage constitutes bad faith. Wisconsin courts have long recognized that insurance companies who attempt

to avoid their coverage obligations by baselessly accusing their insureds of engaging in fraud or other wrongful conduct may give rise to a bad faith claim. For example, in *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805 (7th Cir. 2012), the insurance company refused to provide coverage on the basis that it believed that the insureds had falsely represented their knowledge of the conditions of the loss when they obtained coverage. *Id.* at 812. In affirming the district court's bad faith finding, the Seventh Circuit noted that that insurance company's denial of coverage rested on "dubious justifications," as there was no evidence that the insureds had known about the loss before obtaining coverage. *Id.* Likewise, in *Upthegrove Hardware, Inc. v. Pennsylvania Lumbermans Mut. Ins. Co.*, 146 Wis. 2d 470, 483, 431 N.W.2d 689, 695 (Ct. App. 1988), the insurance company was determined to have acted in bad faith by accusing its insured of arson without having a good faith belief that the fire was caused by arson. *See also Weiss v. United Fire & Cas. Co.*, 197 Wis. 2d 365, 390–91, 541 N.W.2d 753, 762 (1995) (insurance company acted in bad faith where it recklessly accused its insured of arson without a proper investigation). Thus, bad faith is a valid theory of recovery in this case.

As for the breach of contract claim, courts across the country have allowed insureds to assert breach of contract claims when insurance companies fail to provide coverage as required by the insurance policy. *See, e.g., Miller*, 683 F.3d at 809. Thus, breach of contract is a valid theory of recovery in this case.

Emerson Hall also has alleged facts to support the theories alleged. Rule 8 of the Federal Rules of Civil Procedure requires a party to include in its complaint a

short and plain statement of the claim showing that the plaintiff is entitled to relief, as well as a demand for appropriate relief. Although bare legal conclusions will not satisfy the rule, "detailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Emerson Hall's proposed amended complaint contains more than sufficient detail with withstand a Rule 8 challenge. (*See* Murdock Aff. ¶ 6, Ex. A.)

## CONCLUSION

Emerson Hall's proposed amendment does not bring any new claims; rather, it clarifies the bases of its claims and asserts a new bad faith ground, which was only recently revealed by Travelers Insurance. In its own motion to amend, Travelers Insurance acknowledged that additional pleadings and a modified scheduling order were anticipated and likely. (*See* DN29, p. 1.) Since that time, the case has been stayed pending the appearance of substituted counsel for Emerson Hall, and a scheduling conference is set for March 23, 2016. Thus, Emerson Hall's proposed amendment will not impact any existing schedule.

Pursuant to Rule 15(a)(2), Emerson Hall has established good cause, as set forth above, for an order permitting Emerson Hall to file the proposed amended complaint included with this motion. (*See* Murdock Aff. ¶ 6, Ex. A.) Therefore, Emerson Hall respectfully requests that the Court grant its motion to amend the pleadings.

Dated March 23, 2016.

                                            HALLOIN & MURDOCK, S.C.
                                            Attorneys for the Plaintiff

                                            s/ Anthony K. Murdock
                                            Anthony K. Murdock
                                            Wis. State Bar No. 1054531
                                            Andrea L. Murdock
                                            Wis. State Bar No. 1051899

HALLOIN & MURDOCK, S.C.
839 North Jefferson Street
Fifth Floor
Milwaukee, Wisconsin 53202
p 414-732-2424
f  414-732-2422
amurdock@halloinmurdock.com
andrea.murdock@halloinmurdock.com