UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Emerson Hall Associates, L.P.,
1313 East Hyde Park Boulevard,
Chicago, IL 60615,

       Plaintiff,

vs.

Travelers Casualty Insurance Company of America,
1 Tower Square,
Hartford, CT 06183,

       Defendant.

Case No. 15-CV-00447

**DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ACCEPT LATE FILING**

---

## INTRODUCTION

Defendant Travelers Casualty Insurance Company of America ("Travelers") respectfully moves the Court for an Order permitting the acceptance of its one-day late filing of its Answer to Amended Complaint, Affirmative Defenses and Counterclaim. Good cause exists for the Court's acceptance of Travelers' Answer to Amended Complaint because the late filing was the result of excusable neglect. Counsel for Travelers acted quickly to cure the error in this instant case, acted in good faith in submitting its Answer to Amended Complaint by the docketed deadline, and acceptance of Travelers' late filing will not prejudice any of the current or pending parties to this action. For all of the foregoing reasons, Travelers seeks an Order from the Court accepting its late filing of Travelers' Answer to Amended Complaint, Affirmative Defenses and Counterclaim for Breach of Contract pursuant to Fed. R. Civ. P. 6(b)(1)(B).

## STATEMENT OF FACTS

**I.      Plaintiff's Amended Complaint and the Parties' Stipulation**

The Court granted Plaintiff's Motion to Amend its Complaint on April 21, 2016. (Aff. Ertz, ¶ 3 at Ex. A)[1] Plaintiff subsequently filed its Amended Complaint on May 5, 2016. (Ex. B) Pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, the parties stipulated that the time for Travelers' to file an Answer to Plaintiff's Amended Complaint was extended up to and including June 15, 2016, due to the parties agreement to participate in mediation on June 8, 2016. (Ex. C) Counsel for Travelers' docketed this date and prepared accordingly. (Aff. Ertz)

**II.     Notification of Travelers' Intent to File its Answer**

On June 14, 2016, Attorney Ertz underwent hip surgery. (Aff. Ertz, ¶ 2) Because the procedure was preplanned, she completed Travelers' Answer ahead of time. (Ex. F) In response to learning of her surgery, Plaintiff's counsel offered to extend the time for Travelers to file its Answer. (Id.)

**III.    June 15 Events**

On Friday, June 10, Attorney Ertz sent a copy of the Answer to Travelers for final approval. Attorney Ertz also notified Plaintiff's counsel on June 15, that Defendant Travelers would be filing its Answer later that afternoon. Once the draft was approved and finalized by Travelers, Attorney Ertz directed her support staff to file the Answer using the Court's ECF service system. (Ex. D-E) At 2:53 p.m., Attorney Ertz followed-up with her staff to make sure the Answer was filed. (Ex. G) Attorney Ertz's legal assistant, Janet Ambright, confirmed to Attorney Ertz that the Answer was filed at 3:45 p.m. and that she was just waiting on the Notification of Filing, which she anticipated might take a few hours to come through. (Ex. I; Aff. Ambright, ¶ 3 at Ex. A).

---

[1] Hereinafter Defendant will cite directly to the Exhibit

### IV. Notification of Late Filing

After recognizing that the Notification of Filing never came through, Ms. Ambright contacted the Clerk of Court's Office for Federal Court of the Western District of Wisconsin to determine what the issue was and to ensure that Travelers' Answer had been successfully filed. (Aff. Ambright, ¶ 5). The Clerk, Jamie, indicated that the Answer had not been successfully filed because Ms. Ambright missed the "Counterclaim Submit" tab on the Court's ECF service system. (Aff. Ambright, ¶ 6). Travelers' Answer was subsequently re-filed and accepted by the Court at 9:28 a.m. on June 16. (Id.) Jamie also informed Ms. Ambright that a note would be placed in the file for the Court's review regarding the filing error. (Aff. Ambright, ¶ 7-8).

## LEGAL ANALYSIS AND ARGUMENT

### I.   Standard For Acceptance of Late Filing

The Federal Rules provide various procedures for seeking an extension of time. Rule 6(b) allows a district court to grant extensions of time prior to the expiration of a deadline for "good cause." Fed. R. Civ. P. 6(b). When the deadline has expired, Rule 6(b)(1)(B) allows a court to consider a motion for an extension of time for "excusable neglect."

"Excusable neglect" is an 'elastic concept' that empowers courts to accept, 'where appropriate, … late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Choroservic v. Metlife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). The Supreme Court has designated four factors for determining when a late filing may constitute "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These factors include: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of

3

the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C.Cir.2003) (citing *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). The determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.

## II.   Travelers' Late Filing was the Result of Excusable Neglect.

There is good cause for the court to accept Travelers' late filing. Plaintiff would not be prejudiced if the Answer to Amended Complaint were accepted, the one-day delay would not have an impact on judicial proceedings, and it is clear that Travelers' failure to file on time was not the result of bad faith, but inadvertent oversight.

### a.   Travelers' Late Filing Did Not Prejudice Plaintiff

Travelers' late filing did not prejudice Plaintiff or any other potential party to this case. Well before the deadline, Plaintiff was fully aware of Travelers' intent to file an Answer on or before June 15, 2016 because it stipulated to that deadline (Ex. C). Further, Travelers' counsel advised Plaintiff's counsel was aware of her hip surgery and intent to file the Answer to Amended Complaint on the afternoon June 15 (Ex. F). In response to hearing about her surgery, Plaintiff's counsel even offered to extend courtesies including the time to file Travelers' Amended Answer. (Id.) Therefore, because Plaintiff knew that Travelers would be filing an Answer before the stipulated deadline, and was both aware of and amenable to the potential of a delay caused by Attorney Ertz's hip surgery, they were not prejudiced by Travelers' delay in filing its Answer.

### b.   The Length of Delay was Negligible and Will Have No Impact on Judicial Proceedings

Travelers' Answer to Amended Complaint was filed only one day late and the impact on judicial proceedings is de minimis. Travelers thought it had successfully electronically filed its

Answer to Amended Complaint at 3:54 p.m., on the June 15 deadline. After realizing it had not yet received the Notification of Filing by the following morning, Attorney Ertz's legal assistant called the Clerk of Court's office to determine the reason for the delay. (Aff. Ambright, ¶ 5-8) The Clerk explained that an error was made in the submission of the Travelers' Answer (Id.) Travelers' counsel immediately refiled its Answer, which was accepted at 9:28 a.m., on June 16, 2016. (Id.)

Defendant Travelers' Answer was thus filed one day passed the stipulated deadline. Courts have permitted filings where the delay was substantially greater. See, e.g., *Pioneer*, 507 U.S. 380, 113 S.Ct. 1489, 123 L. Ed.2d 74 (twenty days late had no impact on judicial proceedings); *In re Byrne*, 162 B.R. 816 (Bankr. W.D. Wisc. 1993) (impact on proceedings minimal where proof of claim filed one year and two months late); *In re Thomson McKinnon Sec., Inc.*, 159 B.R. 146 (Bankr. S.D.N.Y. 1993) (motion to extend granted where proof of claim filed two and one half years late); *In re Eagle-Picher Indus., Inc.*, 158 B.R. 713, 715 (Bankr. S.D. Ohio 1993) (citing *In re Dix*, 95 B.R. 134, 138 (9th Cir. BAP 1988)) (two week lateness is minimal and will not affect administration of estate). Therefore, this minimal one-day delay will have no impact on the judicial proceedings.

### c.   The Delay was the Result of Inadvertent Filing Error.

A showing of excusable neglect requires at least some "pardonable reason" for failure to meet the deadline. *Hospital del Maestro v. N.L.R.B.*, 263 F.3d 173, 175 (1st. Cir. 2001). Focusing on the plain language of the term "excusable neglect," the majority in *Pioneer* pointed to Webster's Dictionary's definition of the term "neglect":

> The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter or, closer to the point for our purposes, 'to leave undone or unattended to, especially through carelessness.' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.

507 U.S. at 389. Here, the reason for the delay was not the result of a miscommunication or miscalculation about the filing deadline, but instead was due to a simple "miss-click" on the ECF File & Serve system. On June 16, Travelers' counsel contacted the Court to inquire why they had not received confirmation that Travelers' Answer had been filed. This was the first counsel was made aware of the filing error and need to re-file the Answer a second time. Counsel acted quickly to cure the error, and re-filed Travelers' Answer within the hour. In other words, the reason for the delay was a simple filing error, and the type of "innocent oversight" that the court has held to constitute excusable neglect. *See Walter v. Blue Cross and Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201 (11th Cir. 1999) (delay due to secretary's failure to record deadline for motion was excusable neglect); *see also Cheney v. Anchor Glass Container Corp*, 71 F.3d 848, 850 (11th Cir. 1997) (delayed filing due to failure in communication between the associate attorney and lead counsel was simply an innocent oversight by counsel); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) (miscommunication or clerical error constitutes excusable neglect; attorney's failure to understand plain language of a rule does not).

Finally, Travelers acted in good faith in filing its Answer. Travelers did not deliberately disregard the deadline to file based on some kind of tactical strategy. The delayed filing of Travelers' Answer was simply an innocent technical error in using the Court's ECF File & Serve system.

<u>**CONCLUSION**</u>

Defendant Travelers has established good cause, based on the reasons set forth above, for an Order permitting this Court to accept the late filing of Travelers' Answer to Amended Complaint, Affirmative Defenses and Counterclaim, pursuant to Rule 6(b)(1)(B). Travelers sincerely apologizes

for the inadvertent filing error; however, this technical *faux pas* did not cause any prejudice to Plaintiff, nor did it delay this case in any material way.

Date:  6/20/16

BORGELT, POWELL, PETERSON &
FRAUEN S.C.

By _____

Stacy E. Ertz, Esq. (WI #1040729)
7825 3rd Street North
Suite 206
Oakdale, MN 55128
Telephone: (651) 256-5000
Fax:  (651) 340-1456
*Counsel for Defendant*
*Travelers Casualty Insurance*
*Company of America*